[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14625
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00008-WKW-CSC-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIEN MICHAEL PIERCE,
a.k.a. Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 9, 2021)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Damien Pierce, proceeding *pro se*, appeals from the district court's order denying his 18 U.S.C. § 3582(c) motion for compassionate release. Defendant argues on appeal, as he did below, that a defect in his indictment constituted an "extraordinary and compelling reason" to release him early because it resulted in an "unjust and excessive" consecutive sentence. The district court concluded, however, that Defendant's sole ground for early release did not constitute an "extraordinary and compelling reason" for early release under § 3582(c)(1)(A)(i). Because a defect in an indictment does not qualify as an "extraordinary and compelling reason" for a sentence reduction under the Sentencing Commission's binding definition of that term, the district court correctly determined that Defendant was ineligible for relief. Accordingly, we affirm.

## BACKGROUND

In 2011, a federal grand jury indicted Defendant for conspiracy to possess firearms in furtherance of violent felonies (Count 1), carjacking (Count 4), and brandishing and discharging a firearm during and in relation to a crime of violence (Count 5). As relevant here, Count 5 charged that Defendant and his codefendants, "while aiding and abetting each other, did knowingly use and carry one or more firearms during and in relation to, and did brandish and discharge said firearms during the course of, a crime of violence," namely, carjacking, in violation of 18

U.S.C. §§ 924(c)(1)(A)(ii)–(iii), 924(c)(1)(C)(i), and 2.  Defendant went to trial and was convicted on all three counts.  In September 2012, the court sentenced Defendant to 288 months' imprisonment, which included concurrent terms of 168 months for Counts 1 and 4, and a 120-month consecutive sentence as to Count 5.

In September 2020, Defendant filed a *pro se* motion for compassionate release, under 18 U.S.C. § 3582(c), arguing that his consecutive sentence imposed for using a firearm during and in relation to a crime of violence was "unjust" due to a defect in his indictment.  Specifically, he argued that Count 5, which alleged a violation of 18 U.S.C. § 924(c) for using, carrying, brandishing, and discharging firearms during a carjacking improperly charged multiple offenses in a single count.  According to Defendant, this defect constituted an "extraordinary and compelling circumstance" warranting a sentence reduction.

The district court denied Defendant's motion.  "Based upon a thorough review of the record," the court found that Defendant had not shown grounds for compassionate release because he had not shown that "extraordinary and compelling reasons" warranted early release, that he was not a danger to the community, or that he had medical conditions that prison officials were unable to address.  In addition, the court found that balancing the 18 U.S.C. § 3553(a) sentencing factors did not favor release.  Defendant appealed.

3

## DISCUSSION

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). If a defendant is eligible for relief, we review the district court's decision to grant or deny relief for an abuse of discretion. *Id.*

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides a limited exception if certain conditions apply. *See id.* § 3582(c)(1)(A). A defendant is eligible for a § 3582(c)(1)(A) sentence reduction only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the court finds that at least one of two conditions apply, either:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)[.]

*Id.* § 3582(c)(1)(A)(i)–(ii). If a defendant is eligible for a sentence reduction, a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A) (referencing 18 U.S.C. § 3553(a)'s sentencing factors).

4

The Sentencing Commission published its policy statement defining "extraordinary and compelling reasons" in Application Note 1 to § 1B1.13 of the Sentencing Guidelines. *Bryant*, 996 F.3d at 1247, 1262–63. Subsections (A)–(D) of Application Note 1 provide four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care" in the prison environment; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's child, spouse, or partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there are "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

We have held that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in 1B1.13." *Bryant*, 996 F.3d at 1262. We have further held that Application Note 1(D)—which provides that the Bureau of Prisons may determine "other" extraordinary and compelling reasons for a sentence reduction not listed in subsections (A) through (C)—"does not grant

5

discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248; U.S.S.G. § 1B1.13 cmt. n.1(D) (providing that "other" extraordinary and compelling reasons exist for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)"). Accordingly, where a defendant's § 3582(c)(1)(A) motion for a sentence reduction is based on alleged "extraordinary and compelling reasons," the defendant is eligible for a sentence reduction only if (1) his asserted reasons fall within the reasons identified as "extraordinary and compelling" in subsections (A) through (C) of Application Note 1, or (2) the Bureau of Prisons has determined that "other" extraordinary and compelling reasons exist in the defendant's case, under subsection (D) of Application Note 1. *See Bryant*, 996 F.3d at 1264–65.

Here, the district court did not err in concluding that Defendant was ineligible for a § 3582(c) sentence reduction. Defendant asserted only one ground for relief, arguing that a defect in his indictment constituted an extraordinary and compelling reason for a sentence reduction. That reason does not fall within the Sentencing Commission's defined categories of "extraordinary and compelling reasons," as specified in Application Note 1(A)–(D). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Even assuming there was a defect in Defendant's indictment, such a

6

defect has no bearing on Defendant's age or health, under subsections (A) and (B).

*See id.* § 1B1.13 cmt. n.1(A)–(B).  Nor is an indictment defect related to the need

for Defendant to act as a caregiver for a child or spouse, under subsection (C).  *See*

*id.* § 1B1.13 cmt. n.1(C).  Finally, the Bureau of Prisons has not determined that an

indictment defect justifies a sentence reduction in Defendant's case, under

subsection (D).  *See id.* § 1B1.13 cmt. n.1(D).[1]  Because Defendant failed to

identify a cognizable "extraordinary and compelling reason" for compassionate

release, the district court did not err in concluding that Defendant was ineligible for

relief under § 3582(c)(1)(A)(i).  *See Bryant*, 996 F.3d at 1250–51, 1264–65

(holding that the defendant was not eligible for relief because changes in the law

that would no longer subject him to a 25-year statutory minimum, sentencing

disparities with co-conspirators, and a record of rehabilitation in prison "d[id] not

fall within any of the reasons that 1B1.13 identifies as 'extraordinary and

compelling'").[2]  We therefore affirm the district court's denial of Defendant's

motion for a sentence reduction.

---

[1]  Relying on out-of-circuit precedent, Defendant argues for a more expansive definition of "extraordinary and compelling reasons" because the Sentencing Commission did not revise its definition of that term after the First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions for compassionate release, in addition to the Bureau of Prisons.  In *Bryant*, however, we considered and rejected that reasoning, holding that "[t]he statute's procedural change does not affect the statute's or 1B1.13's substantive standards" as to what constitutes "extraordinary and compelling reasons." *Bryant*, 996 F.3d at 1247, 1259–61.  Accordingly, our precedent forecloses Defendant's argument.

[2]  Because the court lacked authority to reduce Defendant's sentence, we have no occasion to address whether the court adequately addressed the 18 U.S.C. § 3553(a) factors.  *See United*

**AFFIRMED.**

---

*States v. Cook*, 998 F.3d 1180 (11th Cir. 2021) (vacating and remanding a district court's order denying a sentence reduction where the Government conceded that an extraordinary and compelling reason for compassionate release existed and the court's brief order did not indicate that it had considered the § 3553(a) factors).